IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORAN CAIN<br><br>                    Plaintiff,<br><br>        v.<br><br>BUREAU OF ADMINISTRATIVE<br>ADJUDICATION, et. al.<br><br>                    Defendants. | CIVIL ACTION<br>NO. 16-613 |

## OPINION

**SLOMSKY, J.**                                                                                                  December 7, 2016

### I.    INTRODUCTION

This action arises out of Plaintiff Koran Cain's dispute of a parking ticket. Plaintiff, proceeding pro se, raises claims under 42 U.S.C. § 1983 against Defendant Bureau of Administrative Adjudication ("BAA") based on events surrounding his traffic violation and the subsequent proceedings in Philadelphia, Pennsylvania. Plaintiff claims BAA violated his Fourth Amendment right to be free from the use of excessive force, his Eighth Amendment right to be free from excessive fines, and his Fourteenth Amendment right to due process. (Doc. No. 3 at 9.) Plaintiff also claims BAA violated his rights under the Fifth and Ninth Amendments. (Id. at 8.) Defendant has filed a Motion to Dismiss Plaintiff's Complaint. (Doc. No. 6.) For reasons that follow, this Court will grant Defendant's Motion.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On April 26, 2014, Plaintiff was issued a citation and fined $51.00 for parking in a no-parking zone. (Doc. No. 12, Ex. A.) Approximately two months later, on July 1, 2014, Plaintiff challenged the validity of the parking ticket in front of the Bureau of Administrative Adjudication ("BAA"), the local agency which provides administrative hearings for disputed parking tickets and traffic violations. (Doc. No. 12 at 4.) He claimed that there were no signs alerting drivers that the place where he parked was a no-parking zone. BAA, however, found that Plaintiff did not provide sufficient evidence to overcome the presumption that the citation was valid. (Id.) Plaintiff appealed BAA's decision to its Appeals Panel. (Id.) However, the Appeals Panel "found that there was an insufficient basis on which to modify the original decision." (Doc. No. 12, Ex. B.) The Appeals Panel confirmed that the parking ticket was valid and enforceable. (Id.)

Next, Plaintiff appealed this decision to the Court of Common Pleas of Philadelphia County. (Id. at 4-5.) On April 9, 2015, Plaintiff appeared before Judge Linda Carpenter to dispute the validity of the parking ticket and to challenge the decision of BAA to enforce the

---

[1] When analyzing the sufficiency of pro se complaints, courts in this Circuit must liberally construe the pleadings. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). The Complaint, however, does not sufficiently state facts apprising the Court of the events which gave rise to this litigation. Plaintiff's filings include the Complaint (Doc. No. 3), Affidavit of Fact (Doc. No. 10), and "Motion for Summary Judgment and Declaratory Judgment" (Doc. No. 11).

Plaintiff's filing entitled "Motion for Summary Judgment and Declaratory Judgment" is essentially a recitation of the information in his Complaint. (See Doc. Nos. 3, 11.) In the "Motion," Plaintiff does not argue that he is entitled to summary judgment as a matter of law. (Doc. No. 11.) Therefore, this Court will interpret this document as part of Plaintiff's response to Defendant's Motion to Dismiss.

Because Plaintiff's filings, without more, do not set forth a comprehensible statement of facts, the Court must rely on factual information in the record to understand the events leading up to this case. At the motion to dismiss stage, the Court must accept all of Plaintiff's factual allegations as true.

fine. (Id. at 5.) According to Plaintiff, Judge Carpenter informed "BAA [that] Mr. Cain has presented evidence and has won his argument." (Doc. No. 3 at 6.) Therefore, Plaintiff returned to BAA and demanded a refund for the fine. (Id. at 1.) According to Plaintiff's Complaint, at some point following his oral argument, he returned to BAA and "told the supervisor that the judge said [he would] get [his] compensation [from] this office." (Id. at 6.) When BAA refused to issue a refund, Plaintiff filed a Motion for Reimbursement of Fees with the Court of Common Pleas. (Doc. No. 12 at 5.) On January 14, 2016, Judge Carpenter denied Plaintiff's Motion for Reimbursement of Fees paid in regard to the parking ticket. (Doc. No. 12, Ex. F.)

On March 9, 2016, Plaintiff initiated this action by filing a Complaint against BAA and Judge Carpenter.[2] (Doc. No. 3.) Plaintiff alleged Defendants violated his constitutional rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments during the BAA hearing and appeal process. (Id.) On July 25, 2016, Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No 6.) Defendant requested this Court dismiss the Complaint arguing that Plaintiff failed to state a claim for relief and that Plaintiff's claims were barred under the doctrine of res judicata. (Id. at 6, 9.) On October 6, 2016, this Court ordered Plaintiff to respond to Defendant's Motion to Dismiss. (Doc. No. 9.) Complying with the Court's Order, Plaintiff filed an Affidavit of Fact and a Motion for Summary Judgment. (Doc. Nos. 10-11.) The Court interprets these filings as Plaintiff's response to Defendant's Motion to Dismiss. That Motion is now ripe for review.

---

[2] On August 23, 2016, this Court dismissed Judge Carpenter as a Defendant in this case. (Doc. No. 8.) Therefore, the only remaining Defendant is BAA.

**III.    STANDARD OF REVIEW**

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 231 n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Pleadings submitted by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a pro se Plaintiff's complaint must do more than allege his entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV. ANALYSIS

Plaintiff brought this action against the Bureau of Administrative Adjudication ("BAA") under 42 U.S.C. § 1983 alleging that BAA violated his constitutional rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments based on his appeal of a parking ticket. Plaintiff's main contention is that his Fourteenth Amendment right to due process was violated through BAA's handling of his parking ticket dispute.

### A. Plaintiff Has Not Stated a Claim for a Violation of the Fourteenth Amendment

Plaintiff alleges that his right to "due process . . . under the laws guaranteed by the Fourteenth Amendment" was violated. (Doc. No. 3 at 9.) The gist of Plaintiff's argument is that BAA did not have the authority to determine whether his ticket was valid, and that it violated his right to due process under the Fourteenth Amendment by doing so. Although Plaintiff does not state clearly whether he contends his right to procedural or substantive due process was violated, this Court will address each in turn.

### 1.     Plaintiff Has Not Stated a Claim for a Violation of his Right to Procedural Due Process Under the Fourteenth Amendment

The Complaint asserts that Plaintiff's procedural due process rights were violated by BAA's handling of the parking ticket. (Doc. No. 3.) To state a claim under 42 U.S.C. § 1983 for deprivation of procedural due process rights, a plaintiff must allege that: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006).

Plaintiff fails to state a claim for a violation of his procedural due process rights for two reasons. First, he does not plead any facts describing how he was deprived of his "life, liberty, or property." U.S. Const., amend. XIV. At most, Plaintiff may be arguing that he was deprived of his property when BAA refused to issue a refund for the $51.00 parking citation. However, this is not pled with any specificity or clarity in the Complaint. Second, Plaintiff has not pled sufficient facts showing how the procedures available to him before BAA and the Court of Common Pleas did not provide due process of law. Although the Complaint is not clear, Plaintiff essentially contends that BAA did not have the authority to handle the parking ticket dispute. He states, "traffic court is a farce" and that BAA "cannot give an order[,] it must come from a judge." (Doc. No. 3 at 8.) These are not facts, but are inaccurate legal conclusions.[3]

---

[3] The Philadelphia City Code sets forth the duties of BAA. See King v. Philadelphia Parking Authority, 97 F. Supp. 3d 649, 653 (E.D. Pa. 2015). The Code provides, "[t]hat the City of Philadelphia, . . . is authorized to provide for parking violation enforcement outside of the criminal justice system, and an administrative process for the adjudication of parking violations i[n] an efficient, fair and reasonable alternative thereto." Id. (quoting Phila. Code. § 12-2801(3)). As the Third Circuit explained:

> In 1989, the Philadelphia City Council reorganized the City's system for adjudicating parking tickets by enacting an ordinance which authorized the Office of the Director of Finance to assume control over the regulation and disposition of

Plaintiff has not demonstrated how BAA's handling of the parking ticket dispute violated his procedural due process rights. To the contrary, Plaintiff had at least three opportunities to challenge the validity of the parking ticket—before BAA, before BAA's Appeals Panel, and before the Court of Common Pleas. He was afforded sufficient notice and opportunities to be heard. For all these reasons, Plaintiff has failed to state a claim alleging a violation of his procedural due process rights under the Fourteenth Amendment. Therefore, this claim must be dismissed.

### 2. Plaintiff Has Not Stated a Claim for a Violation of his Right to Substantive Due Process Under the Fourteenth Amendment

It can be gleaned from the Complaint that Plaintiff also alleges violations of his substantive due process rights under the Fourteenth Amendment. Substantive Due Process protects an individual from government action that is arbitrary. Chainey v. Street, 523 F.3d 200,

---

parking violations in the City of Philadelphia. 12 Phila. City Code § 12–2802(1). Under the new framework, a parking ticket is affixed to the vehicle, *id.* § 12–2804(3), and the owner of the ticketed vehicle is sent a notice by first class mail. *Id.* § 12–2805(1). The person to whom the ticket is issued has fifteen days to answer it, either admitting the violation by payment of the fines, costs, and fees, admitting with explanation, or denying liability and requesting a hearing. *Id.* § 12–2806(1). A failure to answer or to pay the fine will result in a Bureau of Administrative Adjudication ("BAA") hearing examiner's entering an order by default sustaining the charges, fixing the appropriate fine, and assessing appropriate costs and fees. *Id.* § 12–2807(3).

When the violation is contested, and a hearing is requested, a BAA hearing examiner holds a hearing and determines whether the charges have been established. *Id.* § 12–2807. Once the hearing examiner has entered his decision, the violator has thirty days to file an appeal to the BAA Parking Appeals Panel. *Id.* § 12–2808. The BAA's decision, or a default by the ticket holder, creates a debt owed to the City. *Id.* § 12–2808(5). The decision of the Parking Appeals Panel can be appealed to the Pennsylvania Court of Common Pleas, and through the state judicial system. 2 Pa. Cons. Stat. Ann. § 752.

O'Neill v. City of Philadelphia, 32 F.3d 785, 787 (3d Cir. 1994).

219 (3d Cir. 2008). "Only the most egregious official conduct can be said to be arbitrary in the constitutional sense." County of Sacramento v. Lewis, 532 U.S. 833, 846 (1998). A substantive due process analysis to determine that an action is arbitrary will vary depending on whether the claim is based on legislative or non-legislative action. Id. To state claim for relief based on non-legislative action, a plaintiff must "prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." Chainey, 523 F.3d at 219.

Here, Plaintiff may contend that BAA's non-legislative action in denying him reimbursement for the parking ticket was a violation of his substantive due process rights. However, Plaintiff fails to plead facts showing the particular issue that is protected under the substantive due process clause. Plaintiff also fails to plead any facts demonstrating how BAA's deprivation of his unidentified interest "shocks the conscience." Without more, Plaintiff fails to state a claim for relief. For these reasons, this claim also must be dismissed.

**B.     Plaintiff Has Not Stated a Claim for a Violation of the Fourth Amendment**

Plaintiff alleges that Defendant violated his constitutional right to be "free of excessive force under the Fourth Amendment." (Doc. No. 3 at 9.) A claim that officials used excessive force to conduct a seizure is governed by the Fourth Amendment's reasonableness standard. Graham v. Connor, 490 U.S. 386 (1989). In Graham, the Supreme Court held that determining the objective reasonableness of a seizure "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." Id. at 396. For example, in Moore v. Vangelo, the Third Circuit held that a police officer's use of a dog to break up a fight between two men was not excessive. 222 F. App'x 167, 169-70 (3d Cir. 2007). Courts have generally held that verbal abuse and

8

harassment do not constitute excessive force under the Fourth Amendment.  See Luongo v. Pennsylvania State Police, 156 F. Supp. 3d 599, 615 (E.D. Pa. 2016) (explaining that the Fourteenth Amendment does not protect an individual from verbal abuse or harassment and that "threats, standing alone, cannot support a claim of excessive force"); see also Wilson v. Horn, 971 F. Supp. 943, 948 (E.D. Pa. 1997) (writing that "[t]he verbal abuse and harassment of which he complains, although not commendable, does not rise to the level of a constitutional violation.").

Here, Plaintiff's Complaint states that he should be "free of excessive force under the Fourth Amendment," but nowhere in the Complaint does he allege any such force being used.  At most, Plaintiff equates the principle of excessive force to BAA's refusal to reimburse him for the cost of the parking ticket.  (Doc. No. 3.)  Without facts showing how BAA used excessive force on Plaintiff in refusing to refund the cost of the parking ticket, Plaintiff has not pled sufficient facts to state a claim for a violation of the Fourth Amendment.  Even if Plaintiff did plead facts demonstrating that BAA employees verbally threatened or abused him when refusing to issue a refund, this behavior still would not rise to the level of a constitutional violation.  Therefore, this claim will be dismissed.

        **C.**      **Plaintiff Has Not Stated a Claim for a Violation of the Fifth Amendment**

Plaintiff claims that his constitutional right under the Fifth Amendment to be protected against double jeopardy was violated.  (Id.)  The Fifth Amendment Double Jeopardy Clause states that "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself."  U.S. Const., amend. V.  The Double Jeopardy Clause was designed to protect an individual from being tried or punished twice for the same offense.  United States v. DiFrancesco, 449 U.S. 117,

127 (1980) (citing Green v. United States, 355 U.S. 184, 187 (1957)). Although Plaintiff alleges that he has "an inalienable right to protection against double jeopardy," he has not pled any facts demonstrating how this parking dispute subjected him to a trial or punishment more than once for the same criminal offense. (Doc. No. 10 at 1.) This claim, therefore, will be dismissed.

###     D.      Plaintiff Has Not Stated a Claim for a Violation of the Eighth Amendment

Plaintiff contends that BAA violated his right to be free from excessive fines under the Eighth Amendment. (Doc. No. 3 at 7.) The Eighth Amendment of the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. The Eighth Amendment's Excessive Fines Clause "limits the government's power to extract payments . . . as punishment for some offense." United States v. Bajakjian, 524 U.S. 321, 328 (1998). The crux of the inquiry under the Excessive Fines Clause is the principle of proportionality: "The amount of forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." Id. at 334.

Here, Plaintiff argues that BAA violated his right to be free from excessive fines under the Eighth Amendment. (Doc. No. 3.) However, Plaintiff pleads no facts demonstrating that the fine imposed was excessive. From the record, all that is known is that the fine for the parking was $51.00. Plaintiff has not pled the amount which was paid for the parking ticket, whether late penalties were imposed, or any other type of punishment that was associated with the ticket, such as loss of a driver's license. The amount of this fine, without more, is not excessive. Consequently, Plaintiff has failed to state a claim for a violation of his rights under the Eighth Amendment. This claim will be dismissed.

### E. Plaintiff Has Not Stated a Claim for a Violation of the Ninth Amendment

Lastly, Plaintiff brings a § 1983 claim that his constitutional rights under the Ninth Amendment were violated. (Doc. No. 3 at 8.) The Ninth Amendment of the United States Constitution states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX. The Ninth Amendment refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees. Clayworth v. Luzerne County, Pa., 513 F. App'x 134, 137 (3d Cir. 2013). Plaintiff's § 1983 claim alleging violations of his constitutional rights under the Ninth Amendment thus fails as a matter of law and will be dismissed. In addition, Plaintiff has not pled any facts articulating what unenumerated right was violated. As such, this claim will be dismissed.

### F. RES JUDICATA

BAA argues that res judicata warrants dismissal. (Doc. No. 6 at 10.) The Third Circuit uses the term res judicata to encompass both claim preclusion and issue preclusion. See United States v. 5 Unlabeled Boxes, 572 F.3d 169, 173-74 (3d Cir. 2009). It requires that federal courts give state court judgments the same preclusive effect that the issuing state courts would give them," and requires a federal court to apply the state court's law of preclusion. Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149, 153 (3d Cir. 2008). Pennsylvania law provides that in order for claim preclusion to apply to a subsequent proceeding in federal court, the claims raised in federal and state court must share four conditions:

(1) The thing sued upon or for;

(2) The cause of action;

(3) The persons and parties to the action; and

11

>   (4) The capacity of the parties to sue or be sued.

Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 549 (3d Cir. 2006)). Here, the first, third, and fourth conditions are satisfied. Plaintiff sued to dispute BAA's decision on the parking ticket in both state court and federal court. The parties are the same in both actions, and the capacity of the parties to sue or be sued is the same in both matters. The second condition, however, is in dispute. It is unclear whether Plaintiff brought the same claims alleging violations of his Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights against BAA in state court. Without more facts in the Complaint, this Court cannot bar Plaintiff's claims using claim preclusion. Therefore, BAA has not met its burden of proving that Plaintiff's claims should be precluded under the doctrine of res judicata.

Although res judicata will not preclude Plaintiff's claims, the Complaint will be dismissed because Plaintiff has failed to satisfy Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not plausibly alleged claims for violations of his rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments based on his appeal of a parking ticket. Even accepting all of Plaintiff's factual allegations as true, Plaintiff's "failure to state a claim upon which relief can be granted," pursuant to Federal Rule of Civil Procedure 12(b)(6), is apparent. Therefore, the Complaint will be dismissed in its entirety.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to be Dismiss (Doc. No. 6) will be granted. An appropriate Order follows.